IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIETRICH HILL, TOKENS GIFTS, INC., OF TENNESSEE, and TOKENS GIFTS, INC., OF OREGON, </br></br> Plaintiffs, </br></br> v. </br></br> CITY OF MEMPHIS, TENNESSEE, LARRY GODWIN, individually and in his official capacity, TONEY ARMSTRONG, individually and in his official capacity as MPD Director, TERRIE E. EATON, individually and in her official capacity, ALTHEA ATWATER, individually and in her official capacity, and TIMOTHY GODWIN, individually and in his official capacity, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) No. 12-2191-STA </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

Before the Court is Plaintiffs Dietrich Hill, Tokens Gifts, Inc. of Tennessee, and Tokens Gifts, Inc. of Oregon's Motion to Remand (D.E. # 7) filed on April 9, 2012. Defendants Althea Atwater, Terrie E. Eaton, and Timothy Godwin filed a response in opposition on April 11, 2012, which Defendant City of Memphis joined on April 12.[1] For the reasons set forth below, Plaintiffs'

---

[1] Defendant Toney Armstrong filed a response in opposition on May 1, 2012. Because Plaintiffs filed their Motion to Remand on April 9, 2012, responses were due on or before April 27, 2012. As a result, Defendant Armstrong's response is untimely. Local Rule 7.2(a)(2) provides that "[f]ailure to respond timely to any motion . . . may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2). Nevertheless, the Court has considered the arguments set forth in the response.

1

Motion to Remand is **GRANTED**.

## BACKGROUND

On February 7, 2012, Plaintiffs filed their first amended complaint in state court, alleging that Defendants, including Memphis Police officers and the City of Memphis, had violated their constitutional rights. Defendant City of Memphis filed a notice of removal on March 8, 2012, arguing that this Court had jurisdiction over Plaintiffs' constitutional claims pursuant to 28 U.S.C. § 1331. Thereafter, Defendants filed separate motions to dismiss for failure to state a claim (D.E. # 4, 6, 8, 17), which remain pending before the Court.

On April 9, 2012, Plaintiffs filed the instant Motion to Remand. Plaintiffs argue that none of the other Defendants joined in or consented to the City of Memphis' Notice of Removal. According to Plaintiffs, the last Defendant to be served was Lieutenant Terrie E. Easton, on February 21, 2012. Plaintiffs contend that Defendants failed to perfect removal to this Court because Defendants did not file written notices or consent joining in the Notice of Removal within thirty (30) days of the day on which the last Defendant was served, February 21, 2012. Therefore, Plaintiffs argue that the Court must remand the case to state court.

In response, Defendants argue that all Defendants consent to removal and the requirements for proper removal were followed. The City of Memphis was served on February 10, 2012, and filed the Notice of Removal within thirty days of that date. Although Defendants concede that the Notice of Removal did not indicate whether the Defendant officers joined in the removal, Defendants argue that the City is obligated to defend itself as well as the claims brought against MPD officers in their official capacities. As a result, the Notice of Removal was effective as to those claims. Furthermore, counsel for individual Defendants Eaton, Atwater, and Godwin emailed counsel for the City

consenting to removal on March 6, 2012. Defendants have attached a copy of the email to their brief. The Court would point out that outside-counsel for Director Armstrong was not included in this email. Each Defendant, including Director Armstrong, also filed a separate notice of his or her consent to removal within thirty days of the filing of the Notice of Removal.[2] Defendants argue that a defendant who fails to obtain removal can consent to a later defendant's removal petition. Defendants also rely on this Court's recent decision in *Hubbard v. City of Memphis et al.*, stating a defendant's "failure to join in the Notice of Removal or file its own written consent does not defeat removal of [an] action from state court." Defendant Armstrong makes the additional argument that Plaintiffs have not personally served him with process and as such the thirty days in which he has to file a notice of removal has not yet begun to run. Finally, no Defendant opposes removal, and each Defendant has now appeared to defend before this Court. For these reasons the Court should deny Plaintiffs' Motion to Remand.

## **ANALYSIS**

Under 28 U.S.C. § 1446(b)(2), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."[3] The Sixth Circuit follows the rule of unanimity, which requires "that all defendants must join in a petition to remove a state case to federal court."[4] All parties that have been served or otherwise properly

---

[2] The Court would note that these Defendants filed their notices on April 9, 2012, just hours after Plaintiffs filed the Motion to Remand.

[3] 28 U.S.C. § 1446(b)(2).

[4] *City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (citing *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir.2003)); *see also* 28 U.S.C. § 1446(b)(2)(A).

3

joined may satisfy the rule by (1) joining in the removal, (2) filing a written consent to removal, or (3) opposing a motion to remand, so long as the parties act within thirty days of being served or joined.[5] "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446."[6] Nevertheless, the Court may not raise the rule of unanimity *sua sponte*, and a party must raise a defect in the removal procedure within thirty days of removal.[7] A defendant seeking to remove a case to federal court has the burden to prove that jurisdiction is proper, and all doubts as to the propriety of removal are to be resolved in favor of remand.[8]

The Court holds that remand is required in this case due to Defendants' failure to conform to the rule of unanimity. It is undisputed that the Notice of Removal was filed by Defendant City of Memphis on March 8, 2012. The Court holds that the Notice of Removal was effective as to all claims against the City, including official capacity claims against city employees. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."[9] When government employees like Director Armstrong or any MPD officer are sued in their official capacities, the action "is equivalent to a suit against" the City of Memphis.[10] Even assuming that the Notice of

---

[5] *Ameriquest Mort. Sec.*, 615 F.3d at 501 (citing *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n.3 (6th Cir.1999) and *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 200 (6th Cir.2004)).

[6] *Loftis*, 342 F.3d at 516.

[7] *Id.* at 516–17 (other citation omitted); *see also* 28 U.S.C. § 1447(c)

[8] *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948–49 (6th Cir. 1994).

[9] *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

[10] *Knott v. Sullivan*, 418 F.3d 561, 574-75 (6th Cir. 2005).

4

Removal properly removed all claims against the City, including official capacity claims against city employees, the individual capacity claims against other Defendants remained. Under the circumstances, the individual Defendants had thirty days from the time that they received "through service or otherwise" a copy of the pleadings in which to either (1) join in the City's removal, (2) file a written consent to removal, or (3) oppose a motion to remand.[11] It is undisputed that two of the officers, Althea Atwater and Timothy Godwin, were served on February 20, 2012.[12] As a result, these Defendants had until March 20, 2012, in which to join in the City's removal or file a written consent to removal.[13] The individual Defendants filed their consent to removal on April 9, 2012, just after Plaintiffs filed their Motion to Remand. Because not all Defendants consented to removal within thirty days of receiving the pleadings through service or otherwise, Defendants have not satisfied the rule of unanimity. Therefore, remand is necessary, and Plaintiffs' Motion to Remand is should be granted.

This leaves the issue of Director Armstrong's consent to removal. Director Armstrong argues

---

[11] Defendants's reliance on *Hubbard v. City of Memphis et al.* is misplaced. In *Hubbard*, this Court followed Sixth Circuit precedent and held that a notice of removal containing a statement by counsel for one removing defendant that another defendant did not oppose removal was sufficient to satisfy the requirements of the removal statute. *Hubbard v. City of Memphis et al.*, no. 11-2829-STA, Order Denying Mot. Remand, Dec. 27, 2011 (citing *Harper*, 392 F.3d at 201–202. By contrast, no such statement or certificate was included in the Notice of Removal filed in this case. Therefore, *Hubbard* is distinguishable.

[12] A third MPD officer Terrie Easton was served on February 21, 2012, giving her until March 21, 2012, in which to somehow indicate her consent to removal.

[13] Plaintiffs did not file their Motion to Remand until April 9 and as such the individual Defendants did not have the opportunity to evidence their consent to removal by opposing a motion to remand. Even if the filing of a Rule 12(b)(6) motion could be construed as consenting to removal, these Defendants did not file their motion to dismiss until April 9, almost three weeks outside of the thirty-day time limit to perfect removal.

that the time in which he would be permitted to seek removal has not begun to run because Plaintiffs have not yet personally served him. It is true that Plaintiffs have alleged claims against Director Armstrong in his individual and official capacities. It also appears that to date Plaintiffs have only served Director Armstrong through the City Attorney's Office and have not served Armstrong personally. The removal statute permits each defendant thirty days "after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."[14] Furthermore, the statute allows a later-served defendant to file a notice of removal and earlier-served defendants to consent to that removal even if "the earlier-served defendants did not previously initiate or consent to removal."[15] In theory then, accepting Director Armstrong's argument, his consent to removal was timely (because his 30 day removal window has not even started), and the remaining Defendants could join in his removal under section 1446(b)(2)(C).

This argument, however, overlooks the plain language of the removal statute. The 30-day removal period is triggered by the "*receipt* by the defendant through service *or otherwise* of a copy of the initial pleadings. . . ."[16] As a matter of law, Director Armstrong's 30-day removal period began when he "received" a copy of Plaintiffs' pleadings, whether by service or some other means . While it may be that Plaintiffs have not personally served Director Armstrong, it is obvious that Director Armstrong "otherwise received" a copy of Plaintiffs' First Amended Complaint by some means. Director Armstrong has engaged outside counsel, filed a consent to removal, a Rule 12(b)(6) motion, and a response to the instant Motion to Remand. The issue then is when Director Armstrong

---

[14] 28 U.S.C. § 1446(b)(2)(B).

[15] § 1446(b)(2)(C); *Brierly*, 184 F.3d at 533 n.3.

[16] § 1446(b)(1) (emphasis added).

"received" the pleadings, and not necessarily when formal service occurred. Based on the record before the Court, there is no evidence of when Director Armstrong received the pleadings. Accordingly, the Court holds that Director Armstrong has not met his burden to prove that jurisdiction is proper, and all doubts as to the propriety of removal must be resolved in favor of remand. Therefore, Plaintiffs' Motion is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 1, 2012.